Corey Evans (SBN 218789)
Geneva Page (SBN 2356333)
**EVANS & PAGE**
2912 Diamond Street #346
San Francisco CA 94131
ph: (415) 896-5072
fax: (415) 358-5855

Attorneys for Plaintiffs
ANDREA JARREAU-GRIFFIN, and
GUY J. JARREAU, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA JARREAU-GRIFFIN, individually and as personal representative of the estate of GUY J. JARREAU, JR; the estate of GUY J. JARREAU, JR, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO; KENT TRIBBLE, individually and in his official capacity as a police officer; DOES 1-10, <br><br> Respondents. | CASE NO.: <br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

This case arises out of the wrongful death of Guy J. Jarreau, Jr., at the hands of the City of Vallejo Police Department's peace officer, Kent Tribble on December 11, 2010.

## PARTIES

1. Plaintiff Andrea Jarreau-Griffin is the surviving mother of decedent Guy J. Jarreau, Jr., and at all times herein mentioned was a citizen of the United States.

2. Plaintiff the estate of Guy J. Jarreau, Jr., is represented by and through Andrea Jarreau-Griffin.

/

3. Defendant City of Vallejo ("City") is a governmental entity, duly organized and existing under the laws of the State of California.

4. Defendant Kent Tribble was at all times mentioned herein an employee of Defendant City. Defendant Tribble is being sued individually and in his official capacity as a police officer for Defendant City.

5. The true names and capacities of the defendants named as DOES 1 through 10 are unknown to plaintiffs and are therefore sued by fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiff as set forth herein. Plaintiffs will amend this complaint to plead the true names and capacities of DOES 1 through 10 after their true names and capacities have been ascertained.

6. Plaintiffs are informed and believe and based thereon allege that at all relevant times, each of the defendants were the agents and employees of the other defendants, and in doing the things alleged in this complaint, defendants were acting within the course and scope of their agency and employment.

## **FACTUAL ALLEGATIONS**

7. At approximately, 3:00 p.m. on December 11, 2010, Guy J. Jarreau, Jr. was shot and killed by defendant Tribble, a peace officer employed by defendant City.

8. Mr. Jarreau was a community activist, mentor, and student at Napa Valley Community College.

9. Prior to being shot, he was assisting fellow classmates and friends with the filming of an anti-violence music video.

10. When defendant City's representative defendant Tribble arrived at the scene of the video filming; Mr. Jarreau was ahead of the film crew, directing them in which way to go. The first officer(s) to arrive at the scene commanded the film crew, as well as Mr. Jarreau, to disperse.

11. As Mr. Jarreau and the film crew were following the command(s) of the first officer(s), more officers arrived and commanded the film crew to get on the ground. Mr. Jarreau, on

1  the other hand, was a distance from the film crew and was then blocked off by an unmarked
2  police car, as he was walking in the direction of the alley.  Member(s) of the film crew and
3  friends stated that defendant Tribble, who shot Mr. Jarreau, was wearing plain clothing at
4  the time of the incident.  Mr. Jarreau was shot as he held his hands in the air, while holding
5  a green cup.  The film crew and friends, of Mr. Jarreau, stated that the officer gave no
6  warning(s), to Mr. Jarreau, prior to firing his weapon.

12. At all times relevant herein, defendant Tribble was not wearing a police uniform and was dressed in clothes that a reasonable person would not identify as clothes of a peace officer.

13. When defendant Tribble shot Mr. Jarreau, Mr. Jarreau only had a green cup in his hand.

14. Mr. Jarreau had his hands in the air, while holding a green cup.  The green cup was found at the site of the shooting, as stated by members of the film crew and eyewitnesses.

15. After defendant Tribble shot Mr. Jarreau, defendant City's officers and defendant Tribble waited unreasonably long before calling for medical assistance for Mr. Jarreau.

16. After defendant Tribble shot Mr. Jarreau, defendant City's officers and defendant Tribble directed the ambulance to take Mr. Jarreau to John Muir Medical Center, which was unreasonably far from where Mr. Jarreau was shot, and other emergency medical facilities would have been more reasonable choices due to their proximity.

17. After defendant Tribble shot Mr. Jarreau, Mr. Jarreau was incapacitated and could not reasonably be considered a threat to any individual.  At that time, Mr. Jarreau was clearly in need of emergency medical care and defendant City's officers and defendant Tribble provided no emergency medical care.

18. The City has and had a duty of care to hire, train, supervise and discipline peace officers so as to avoid unreasonable risk of harm to detainees and care for those shot by officers.  The City failed to take the necessary, proper and/or adequate measures to prevent the violation of decedent and plaintiff's rights.

19. Plaintiffs allege that defendant City failed to train defendant Tribble in providing emergency medical care to individuals.  Plaintiffs further allege that minimal emergency medical care was necessary, and would have provided a medical benefit to Mr. Jarreau.  Plaintiffs allege

that Mr. Jarreau's injuries are a factual and proximate cause of Mr. Jarreau's death and plaintiffs' damages.

20. Plaintiffs allege that Mr. Jarreau's death was a foreseeable harm resulting from defendants' failure to exercise the duty of care owed to Mr. Jarreau, and due to defendant Tribble's lack of training by defendant City regarding the use of deadly force.

21. The above-described conduct by defendant Tribble was the factual and proximate cause of Mr. Jarreau's death and plaintiffs' damages.

22. As a consequence of defendants' violation of plaintiffs' federal civil rights under 42 USC section 1983, plaintiff Ms. Jarreau-Griffin was mentally and emotionally injured as a proximate result of decedent's wrongful death, including but not limited to: plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

23. Plaintiff estate of Guy J. Jarreau is entitled to recover damages by and through Ms. Jarreau-Griffin, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

24. Plaintiffs found it necessary to engage an attorney to vindicate their rights; plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute in the event that they are the prevailing parties in this action under 42 USC sections 1983, et seq.

## FIRST CAUSE OF ACTION

**Violation of the Fourth Amendment of the United States Constitution**

**(42 USC § 1983)**

25. Plaintiffs re-allege and incorporate by reference all of the allegations stated herein.

26. Defendants' conduct violated decedent's rights as provided under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

27. Mr. Jarreau was forced to endure great conscious pain and suffering because of decedents' conduct before his death.

28. Mr. Jarreau did not file a legal action before his death.

29. Ms. Jarreau-Griffin, as personal representative of the estate of Guy J. Jarreau, Jr., claims damages for the conscious pain and suffering incurred by Guy J. Jarreau, Jr.

## SECOND CAUSE OF ACTION

**(Violation of the Fourteenth Amendment of the United States Constitution)**

30. Plaintiff Mr. Jarreau re-alleges and incorporates by reference all of the allegations stated herein.

31. Mr. Jarreau was entitled to receive necessary medical attention while in the care and custody of defendant City's agents.  In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights under the Due Process Clause of the Fourteenth Amendment.

## THIRD CAUSE OF ACTION

32. Plaintiff Mr. Jarreau re-alleges and incorporates by reference all of the allegations stated herein.

33. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

   d. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

/

/

## FOURTH CAUSE OF ACTION

### (Familial Relationship)

34. Plaintiffs re-allege and incorporate by reference all of the allegations stated herein.

35. Defendants acting under color of state law and without due process of law, deprived plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION

### (*Monell*)

36. Plaintiffs re-allege and incorporate by reference all of the allegations stated herein.

37. Plaintiffs believe that high ranking City officials, including supervisors of peace officers, including defendant Tribble, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

38. Plaintiffs further believe that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by defendants, decedent's constitutional rights were violated.

39. Plaintiffs further believe that all of the aforementioned acts and/or omissions and/or deliberate indifference by defendants, and agents of defendants, resulted in the deprivation of plaintiffs' constitutional rights as stated above.

/

/

/

/

/

**JURY DEMAND**

Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

Wherefore, plaintiffs pray for relief as follows:

    a. For general damages;

    b. For special damages, including but not limited to past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

    c. For punitive damages;

    d. For reasonable attorney's fees;

    e. For costs of suit; and

    f. For such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 10, 2012      By:  /s/ Corey A. Evans
Corey A. Evans
Attorney for Plaintiffs

/////