1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREA JARREAU-GRIFFIN,                      No.: 2:12-cv-02979-KJM-KJN
     individually and as a personal
12   representative of the estate of GUY J.
     JARREAU, JR.; the estate of GUY J.
13   JARREAU, JR.,                                ORDER

14                     Plaintiff,

15          v.

16
     CITY OF VALLEJO; KENT TRIBBLE,
17   individually and in his official capacity as a
     police officer; DOES 1-10,
18
                       Defendants.
19

20

21          This matter is before the court on defendants' motion to dismiss plaintiffs' third,

22   fourth, and fifth causes of action of the First Amended Complaint ("FAC") and punitive damages

23   against defendant City of Vallejo. For the reasons below, this court DISMISSES plaintiffs' claims

24   in the third cause of action to the extent they are premised on the Fourteenth Amendment;

25   DISMISSES plaintiffs' claims in the fourth cause of action to the extent they are premised on the

26   Fourth Amendment; DISMISSES plaintiffs' fifth cause of action; and DISMISSES plaintiffs'

27   claims for punitive damage against the city.

28   /////

                                                   1

I.       ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiffs allege the following facts.  On December 11, 2010, Guy J. Jarreau, Jr. ("decedent") was assisting classmates and friends film a music video by directing the film crew in which way to go.  (FAC ¶¶ 7-10, ECF 15.)  An officer arrived at the scene and ordered the entire film crew, including decedent, to disperse.  (*Id.* ¶ 10.)  The film crew followed these commands as "more officers arrived and commanded the film crew to get on the ground." (*Id.* ¶ 11.) Decedent "was a distance from the film crew and was then blocked off by an unmarked police car" as he walked toward an alley.  (*Id.*)  Defendant Kent Tribble ("Tribble"), a police officer for defendant City of Vallejo ("City"), wore plain clothes at the scene rather than his official uniform. (*Id.* ¶¶ 11-12.)  Defendant Tribble shot decedent without warning "as [decedent] held his hands in the air, while holding a green cup." (*Id.* ¶ 11.)  After the shooting, decedent "was incapacitated" and "clearly in need of emergency medical care." (*Id.* ¶ 17.)

The City's officers at the scene, including defendant Tribble, "waited unreasonably long before calling for medical assistance" for decedent.  (*Id.* ¶ 15.)  The officers then directed the ambulance to take decedent to a hospital "unreasonably far" from the place of the shooting, though other medical facilities were closer and "more reasonable choices." (*Id.* ¶ 16.)  Defendant City's officers and defendant Tribble did not personally provide emergency medical care.  (*Id.* ¶ 17)  Decedent died soon after the shooting.  (*Id.* ¶ 7.)

On December 10, 2012, decedent's mother, Andrea Jarreau-Griffin, and decedent's estate (collectively "plaintiffs") brought claims against defendant City, defendant Tribble in his individual and official capacity, and Does one through ten.  (Compl., ECF 1.)

On June 25, 2013, plaintiffs filed their First Amended Complaint, alleging five causes of action: (1) excessive force in violation of the Fourth Amendment, invoking 42 U.S.C. § 1983, against defendant Tribble; (2) deprivation of medical care in violation of the Fourteenth Amendment, invoking 42 U.S.C. § 1983, against defendant Tribble; (3) excessive force in violation of the Fourth and Fourteenth Amendments, invoking 42 U.S.C. § 1983, against defendant Tribble; (4) deprivation of familial relationship in violation of the Fourth and

/////

2

1   Fourteenth Amendments against defendant Tribble; and (5) *Monell* municipal liability against

2   defendant City.  Plaintiffs seek general, special, and punitive damages, attorney's fees, and costs.[1]

3          On July 9, 2013, defendants filed a motion to dismiss plaintiffs' third, fourth, and

4   fifth causes of action, as well as the punitive damages claim against defendant City, under Federal

5   Rule of Civil Procedure 12(b)(6).  (Mot. Dismiss Pls.' FAC, ECF 16.)  Plaintiffs filed opposition

6   on August 2, 2013.  (Pls.' Opp'n Defs.' Mot. Dismiss, ECF 18.)  Defendants filed a reply on

7   August 8, 2013.  (Defs.' Reply Pls.' Opp'n Mot. Dismiss, ECF 19.)

8   II.     STANDARD

9          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

10  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

11  dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

12  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

13  1990).

14         Although a complaint need contain only "a short and plain statement of the claim

15  showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

16  to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

17  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

18  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

19  more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

20  conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting

21
22  ---

    [1]  Plaintiffs identify Doe defendants.  The Ninth Circuit provides that "'[plaintiffs] should be
    given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . .
23  . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a
    complaint.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v.
24  Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in the original). Plaintiff is warned,
    however, that such defendants will be dismissed where "'it is clear that discovery would not
    uncover the identities, or that the complaint would be dismissed on other grounds.'"  *Id.* (quoting
25  *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m),
    which states that the court must dismiss defendants who have not been served within 120 days
26  after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants.
    *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D.
27  Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS
    109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

28

1    *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

2    for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

3    its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the

4    interplay between the factual allegations of the complaint and the dispositive issues of law in the

5    action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

6            In making this context-specific evaluation, this court must construe the complaint

7    in the light most favorable to the plaintiff and accept as true the factual allegations of the

8    complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "a legal

9    conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted*

10   *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to

11   judicial notice," or to material attached to or incorporated by reference into the complaint.

12   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

13   III.   ANALYSIS

14           Defendants argue plaintiffs' third cause of action for excessive force fails to state a

15   cognizable claim under the Fourteenth Amendment, plaintiffs' fourth cause of action for

16   deprivation of familial relationship fails to state a cognizable claim, and plaintiffs' fifth cause of

17   action fails to state a *Monell* claim against defendant City.  (ECF 16 at 2.)  Defendants further

18   argue plaintiffs' prayer for punitive damages against the city is improper and not recoverable as a

19   matter of law.  (*Id.*)  The court will address each cause of action in turn.

20           A.   Excessive Force Under the Fourteenth Amendment

21           Plaintiffs' third cause of action alleges defendant Tribble shot and killed decedent

22   "without lawful justification" and subjected him to excessive force, "thereby depriving plaintiffs

23   and the decedent of certain constitutionally protected rights" under the Fourth and Fourteenth

24   Amendments.  (FAC ¶ 33.)  Plaintiffs assert claims under both the Fourth and Fourteenth

25   amendments for violation of "[t]he right to be free from unreasonable searches and seizures" and

26   "[t]he right to be free from the use of excessive force by police officers."  (*Id.*)  Plaintiffs further

27   allege deprivation "of life or liberty without due process of law" under the Fourteenth

28   Amendment and violation of the "right to be free from interference within the zone of privacy"

4

1     under the Fourth Amendment. (*Id.*) Defendants move to dismiss plaintiffs' claims "to the extent

2     they are based on the Fourteenth Amendment." (ECF 16 at 5.) Defendants argue "[t]he

3     Fourteenth Amendment is inapplicable to plaintiffs' claims because the Fourth Amendment

4     protects against unreasonable searches and seizures." (*Id.* at 5.) In opposition, plaintiffs argue

5     that defendants misconstrue the third cause of action as "based solely on unreasonable search and

6     seizure." (ECF 18 at 2.) Plaintiffs further argue that they may "plead Fourteenth Amendment

7     claims when the police misconduct 'shocks the conscience,' and thereby violates a plaintiff's

8     substantive due process rights." (*Id.* at 3.) To support their assertion, plaintiffs cite to *Ingram v.*

9     *City of San Bernardino*, No. EDCV 05-925-VAP(SGLx), 2007 WL 5030226, at *8-9 (C.D. Cal.

10     May 3, 2007). *Ingram* discusses Fourteenth Amendment claims for interference with familial

11     relationships, which are pled only in the fourth cause of action, discussed below.

12           Defendants correctly argue that the Fourteenth Amendment does not properly

13     support plaintiffs' excessive force claims. (*See* ECF 16 at 5-6.) "*[A]ll* claims that law

14     enforcement officers have used excessive force — deadly or not — in the course of an arrest,

15     investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth

16     Amendment and its 'reasonableness' standard, rather than under a 'substantive due process'

17     approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (original emphasis); *see also Patel v.*

18     *Penman*, 103 F.3d 868, 874 (9th Cir. 1996) ("[W]here a particular amendment provides an

19     explicit textual source of constitutional protection against a particular sort of government

20     behavior, that Amendment, not the more generalized notion of substantive due process, must be

21     the guide for analyzing a plaintiff's claims.") (citations, internal quotations, and brackets

22     omitted), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*,

23     491 F.3d 1086 (9th Cir. 2007). The court limits plaintiffs' claims for excessive force in the third

24     cause of action to those based on the Fourth Amendment and DISMISSES plaintiffs' claims

25     without leave to amend to the extent they are premised on the Fourteenth Amendment.

26        B.     Deprivation of Familial Relationship

27           Plaintiffs allege defendant Tribble "deprived plaintiffs of their right to a familial

28     relationship by seizing decedent by use of unreasonable, unjustified and deadly force and

1   violence," resulting in violations of the Fourth and Fourteenth Amendments.  (FAC ¶ 35.)

2   Defendants broadly argue the fourth cause of action "is unsupported by sufficient facts and fails

3   to state a cognizable claim."  (ECF 16 at 6.)  Defendants, however, only discuss plaintiffs'

4   familial relationship claims under the Fourth Amendment and urge the court to dismiss those

5   claims.  (*Id.*; *see also* ECF 19 at 5 ("Plaintiffs' Fourth Amendment claim for interference with

6   'familial relationship' is untenable and should be dismissed, and plaintiffs do not oppose

7   dismissal of this action.").)  Defendants contend that the Fourth Amendment is an inappropriate

8   basis for familial relations claims.  (ECF 16 at 6.)  Plaintiffs offer no meaningful support for

9   basing a familial relationship claim on the Fourth Amendment.

10          The relatives of victims of unlawful police killings have personal standing to claim

11  deprivation of familial relationship under the substantive due process clause of the Fourteenth

12  Amendment.[2]  *See generally Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th

13  Cir. 1998).  Thus, the Fourteenth Amendment, not the Fourth Amendment, allows plaintiffs to

14  bring claims for deprivation of or interference with familial relationship.  *See, e.g.*, *Arres v. City*

15  *of Fresno*, CV F 10-1628 LJO SMS, 2011 WL 284971, at *16 (E.D. Cal. Jan. 26, 2011)

16  (dismissing plaintiff's familial relationship claim with prejudice to the extent it was based on the

17  Fourth Amendment).  The court limits plaintiffs' claims in the fourth cause of action to those

18  based on the Fourteenth Amendment and DISMISSES plaintiffs' claims without leave to amend

19  to the extent they are premised on the Fourth Amendment.

20          C.       Municipal Liability under *Monell*

21          Plaintiffs allege municipal liability against defendant City, claiming defendants

22  failed to train police officers and further claiming "high ranking City officials . . . approved,

23  ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing

24  pattern and practice of misconduct and/or civil rights violations."  (FAC ¶¶ 18-21, 37.)  These

---

25  [2]  Plaintiffs appear to allege deprivation of familial relationship on behalf of all plaintiffs.

26  Defendants construe plaintiffs' assertions as "a claim for violation of decedent's right to a
    familial relationship as a result of the alleged use of unreasonable force against him."  (ECF 16 at

27  6.)  But plaintiffs claim alleges defendant Tribble's actions "deprived plaintiffs of their right to a
    familial relationship by seizing decedent . . . ."  (FAC ¶ 35.)  The language alleges a claim on

28  behalf of all plaintiffs.

6

1  actions, plaintiffs allege, deprived plaintiffs of their constitutional rights.  (*Id.* ¶ 39.)  Defendants

2  argue plaintiffs' complaint contains only conclusory, and thus insufficient, allegations that

3  defendant City "ratified [defendant Tribble's] allegedly unreasonable use of force" and "failed to

4  train [defendant Tribble] in providing emergency medical care and the use of deadly force."

5  (ECF 16 at 7.)

6          1.    <u>Failure to Train</u>

7          "[T]here is no respondeat superior liability under [§] 1983."  *Jones v. Williams*,

8  297 F.3d 930, 934 (9th Cir. 2002).  For a municipality to be liable under § 1983, a plaintiff must

9  show "the action that is alleged to be unconstitutional implements or executes a policy statement,

10  ordinance, regulation, or decision officially adopted and promulgated by that body's officers. . . .

11  [L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to

12  governmental 'custom' even though such a custom has not received formal approval through the

13  body's official decisionmaking channels."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91

14  (1978).

15          Prior to the Supreme Court decisions in *Twombly* and *Iqbal*, *supra*, a claim for

16  municipal liability could "withstand a motion to dismiss 'even if . . . based on nothing more than

17  a bare allegation that the individual officers' conduct conformed to official policy, custom, or

18  practice.'"  *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (citing *Shah v.*

19  *Cnty. of L.A. Intelligence & Coordination Unit*, 797 F.2d 743, 747 (9th Cir. 1986)).  In light of

20  *Twombly* and *Iqbal*, the Ninth Circuit now has articulated a two-part rule to govern evaluation of

21  allegations in a complaint or counterclaim:

22          First, to be entitled to the presumption of truth, allegations in a
23          complaint or counterclaim may not simply recite the elements of a
        cause of action, but must contain sufficient allegations of
24          underlying facts to give fair notice and to enable the opposing party
        to defend itself effectively. Second, the factual allegations that are
25          taken as true must plausibly suggest an entitlement to relief, such
        that it is not unfair to require the opposing party to be subjected to
26          the expense of discovery and continued litigation.

27  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2012).  Thus, the court considers a motion to dismiss

28  a claim of municipal liability under a heightened pleading standard.  *See Young v. City of Visalia*,

1   687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ("*Iqbal* has made clear that conclusory, 'threadbare'

2   allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss

3   . . . .  In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell*

4   claims (i.e. 'bare allegations') is no longer viable.").

5          To state a claim under *Monell*, a party must identify the challenged policy or

6   custom, explain how it was deficient, explain how it caused the plaintiff harm, and reflect how it

7   "amounted to deliberate indifference, i.e.[,] explained how the how the deficiency involved was

8   obvious and the constitutional injury was likely to occur."  *Young v. City of Visalia*, 687 F. Supp.

9   2d 1141, 1149 (E.D. Cal. 2009) (examining *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir.

10  2001)); *see Knanishu v. McGinness*, 478 F. App'x 432, 433 (9th Cir. 2012) (affirming district

11  court's dismissal of claims against the County of Sacramento where plaintiff failed to "allege that

12  his injuries were proximately caused by defendants' conduct under an official county policy,

13  custom, practice, or procedure"); *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir.

14  2011) (affirming dismissal where plaintiff failed to allege "any facts demonstrating that his

15  constitutional depravation was the result of a custom or practice of the [defendant city] or that the

16  custom or practice was the 'moving force' behind his constitutional deprivation"), *cert. denied*,

17  __ U.S. __, 133 S. Ct. 1725 (2013).

18          In limited circumstances, a municipality's failure to train its police officers or

19  other employees may amount to a "city policy or custom that is actionable under § 1983."  *City of*

20  *Canton*, 489 U.S. 378, 389 (1989) (internal quotations omitted).  A municipality may be liable for

21  failure to train its police officers "only where the failure to train amounts to deliberate

22  indifference to the rights of persons with whom the police come into contact."  *Mateyko v. Felix*,

23  924 F.2d 824, 826 (9th Cir. 1990) (quoting *City of Canton*, 489 U.S. at  388).  A plaintiff alleging

24  failure to train must ultimately show: "(1) he was deprived of a constitutional right, (2) the

25  municipality had a training policy that amounts to deliberate indifference to the constitutional

26  rights of the persons with whom its police officers are likely to come into contact; and (3) his

27  constitutional injury would have been avoided had the municipality properly trained those

28  officers."  *Young*, 687 F. Supp. 2d at 1148 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463,

484 (9th Cir. 2007) and *Lee*, 250 F.3d at 681) (internal quotations and brackets omitted); *see*

*Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 1725

(U.S. 2013) (affirming dismissal of claims for failure to train where plaintiff "pointed to no

instances of deliberate indifference").  A municipality is deliberately indifferent when "the need

for more or different training is so obvious, and the inadequacy [of current procedure] so likely to

result in the violation of constitutional rights, that the policymakers of the city can reasonably be

said to have been deliberately indifferent to the need."  *City of Canton*, 489 U.S. at 396; *see Lee*,

250 F.3d at 682.

         In *Young v. City of Visalia*, the court found the following allegations to merely

"track the elements for *Monell* liability" without stating a cause of action:

> Defendants City of Visalia . . . and City of Farmersville . . . are
> named herein for having so knowingly failed to reasonably select
> and hire, and to reasonably well educate, instruct and train, and
> direct, supervise, control and discipline the conduct of its officers
> and supervisors, including the individual defendants named herein,
> in recurring situations such as are alleged herein, in which their
> officers', deputes', and supervisors' violations of the civil and
> statutory rights of individuals, including plaintiffs herein, were
> anticipated and could have been prevented by such selection and
> hiring, education, training, direction, supervision, control, and
> discipline, that the Cities of Visalia and Farmersville set in motion a
> chain of events that made the violations alleged herein foreseeable
> and substantially certain to occur. The actions and inactions of the
> Cities of Visalia and Farmersville were thus the moving force
> causing the violations alleged herein.

687 F. Supp. 2d at 1146-47, 1149 (brackets omitted).  The court recognized that plaintiffs asserted

an allegation of deliberate indifference in claiming "[p]laintiffs' constitutional injuries were

foreseeable and substantially certain to occur."  *Id.* at 1150 (*citing City of Canton*, 489 U.S. at

390) (internal quotation marks omitted).  But the allegations were insufficient, the court noted,

because they did not identify the training and hiring practices, discuss "how those practices were

deficient," and identify "the obviousness of the risk involved . . . ."  *Id.* (dismissing the action

with leave to amend).

         In *Canas v. City of Sunnyvale*, the court similarly found inadequate claims for

municipal liability based on failure to train.  No. C 08–5771 JF (PSG), 2011 WL 1743910, at *4-

6 (N.D. Cal. Jan. 19, 2011).  There, plaintiffs alleged liability on the grounds that defendant

1   municipalities inadequately trained, supervised, and controlled employees in serving arrest

2   warrants and using deadly force; that the maintenance of a department of public safety, as

3   opposed to a dedicated police department, constituted deliberate indifference leading to

4   unconstitutional injuries; and that a 14-month training period for officers who shot decedent was

5   inadequate and a factor leading to the decedent's wrongful death.  *Id.*  "Despite the length of these

6   allegations," the court concluded the facts were "insufficient" and "conclusory in nature."  *Id.* at

7   *5-6.  The plaintiffs failed to "explain in detail *how* the City's alleged policies or customs are

8   deficient . . . [and] *how* the alleged policies or customs caused harm to [p]laintiffs and the

9   [d]ecedent."  *Id.* at *6 (original emphasis).

10          As in *Young v. City of Visalia* and *Canas v. City of Sunnyvale*, plaintiffs'

11   allegations here of defendant City's failure to train are conclusory and do not adequately plead

12   municipal liability.  Plaintiffs allege: defendant City had a "duty of care to hire, train, supervise

13   and discipline peace officers so as to avoid unreasonable risk of harm to detainees and care for

14   those shot by officers" (FAC ¶ 18); "defendant City failed to train defendant Tribble in providing

15   emergency medical care" (*id.* ¶ 19); decedent's "death was a foreseeable harm resulting from

16   defendants' failure to exercise the duty of care owed to [decedent], and due to defendant Tribble's

17   lack of training by defendant City regarding the use of deadly force" (*id.* ¶ 20); and decedent's

18   injuries resulting from defendant Tribble's conduct were the "factual and proximate cause of

19   [decedent's] death and plaintiffs' damages" (*id.* ¶¶ 19, 21).  Plaintiffs' allegations track the

20   elements of a claim for municipal liability.  *See, e.g.*, *Young*, 687 F. Supp. 2d at 1149.  But they

21   do not plead with specificity the inadequacies of City's training practices.  *See, e.g.*, *Mong Kim

22   Tran v. City of Garden Grove*, No. SACV 11-1236 DOC (ANx), 2012 WL 405088, at *4 (C.D.

23   Cal. Feb. 7, 2012) ("Like the *Young* and *Canas* plaintiffs, [p]laintiff does not plead with any

24   specificity what the insufficient practices were, how they were deficient, or how they specifically

25   caused Plaintiff harm.").  Plaintiffs' allegations are insufficient to state a claim for municipal

26   liability premised on failure to train.

27   /////

28   /////

1          2.      Ratification

2          In addition to alleging unconstitutional actions pursuant to a policy, practice, or

3  custom, plaintiffs may claim *Monell* liability where an "official with final policy-making

4  authority ratifie[s] a subordinate's unconstitutional decision or action and the basis for it."

5  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  An authorized policymaker's

6  approval of a subordinate's decision is "chargeable to the municipality because their decision is

7  final."  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (citing *City of St.*

8  *Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  "[A] policymaker's knowledge of an

9  unconstitutional act does not, by itself, constitute ratification."  *Christie v. Iopa*, 176 F.3d 1231,

10  1239 (9th Cir. 1999).  Further, "a policymaker's mere refusal to overrule a subordinate's

11  completed act does not constitute approval."  *Id.* (citing *Weisbuch v. Cnty. of Los Angeles*, 119

12  F.3d 778, 781 (9th Cir. 1997)).  Rather, ratification requires an authorized policymaker to make a

13  "conscious, affirmative choice."  *Clouthier*, 591 F.3d at 1250 (citing *Gillette*, 979 F.2d at 1347).

14          Plaintiffs allege that "high ranking City officials, . . . including defendant Tribble,"

15  approved and ratified a "continuing pattern and practice of misconduct and/or civil rights

16  violations."  (FAC ¶ 37.)  Plaintiffs claim defendants' "deliberate indifference, reckless and/or

17  conscious disregard" of this misconduct ultimately violated decedent's constitutional rights and

18  deprived plaintiffs of constitutional rights.  (*Id.* ¶¶ 38-39.)  Defendants argue that plaintiffs base

19  their ratification claim on "factually unsupported conclusions."  (ECF 16 at 8.)  Defendants rely

20  on *Christie v. Iopa* and *Gillette v. Delmore* to discuss the requirements of a ratification claim.

21  (*Id.*)  Plaintiffs argue they need not "prove" anything at the pleading stage, and therefore

22  defendants' reliance on these cases is inappropriate.  (ECF 18 at 6.)

23          Though plaintiffs need not prove their case at this stage, "conclusory, 'threadbare'

24  allegations that merely recite the elements of a cause of action will not defeat a motion to dismiss

25  . . . ."  *Young*, 687 F. Supp. 2d at 1149 (discussing *Iqbal*'s effect on claims for municipal

26  liability).  Here, plaintiffs only allege that city officials "approved, ratified, condoned,

27  encouraged, sought to cover up, and/or tacitly authorized" a continuing pattern or practice. (FAC

28  ¶ 37.)  Plaintiffs fail to identify an affirmative choice by city officials to approve defendant

11

1    Tribble's actions.  *See, e.g.*, *Canas*, 2011 WL 1743910, at *7 (finding plaintiff's claim for

2    ratification insufficient where the "claim appear[ed] to be based solely on the fact that the City's

3    investigation did not result in disciplinary action against the officers").  Plaintiffs' allegations are

4    insufficient to state a claim for municipal liability premised on ratification.

5           Plaintiffs fail to adequately plead a claim for *Monell* municipal liability premised

6    on failure to train or ratification; the court therefore DISMISSES plaintiffs' fifth cause of action,

7    but with leave to amend in the event plaintiffs are able to amend while complying fully with

8    Federal Rule of Civil Procedure 11.

9           D.    <u>Punitive Damages Against Defendant City</u>

10          Plaintiffs' prayer for relief seeks punitive damages against all defendants.

11   Defendants move to dismiss the claim for punitive damages against defendant City on the

12   grounds that punitive damages are not recoverable against public entities.  (ECF 16 at 11.)

13   Defendants are correct: plaintiffs may not recover punitive damages against a municipality under

14   § 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v.*

15   *Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).  Plaintiffs do not contest defendants' argument.  (ECF

16   18 at 1.)  The court DISMISSES plaintiffs' claims for punitive damages against the City without

17   leave to amend.

18   IV.   <u>CONCLUSION</u>

19          Accordingly, it is hereby ordered:

20          1.    The defendants' motion to dismiss the third cause of action to the extent it is

21                premised on the Fourteenth Amendment is GRANTED, and that cause of

22                action is DISMISSED without leave to amend to the extent it is premised on

23                the Fourteenth Amendment;

24          2.    The defendants' motion to dismiss the fourth cause of action to the extent it is

25                premised on the Fourth Amendment is GRANTED, and that cause of action is

26                DISMISSED without leave to amend to the extent it is based on the Fourth

27                Amendment;

28   /////

3. The defendants' motion to dismiss the fifth cause of action is GRANTED, and the cause of action is DISMISSED with leave to amend;

4. The defendants' motion to dismiss plaintiffs' claims for punitive damage against the city is GRANTED, and the claims are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated:  December 6, 2013.

UNITED STATES DISTRICT JUDGE

13