1  CLAUDIA M. QUINTANA
   City Attorney, SBN 178613
2  BY:  FURAH Z. FARUQUI
   Deputy City Attorney, SBN 233083
3  CITY OF VALLEJO, City Hall
   555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA  94590
   Tel:    (707) 648-4545
5  Fax:    (707) 648-4687

6  THOMAS F. BERTRAND, SBN 056560
   RICHARD W. OSMAN, SBN 167993
7  Bertrand, Fox & Elliot, SBN 056560
   2749 Hyde Street
8  San Francisco, CA 94109
   Tel:    (415) 353-0999
9  Fax:    (415) 353-0990

10 Attorneys for Defendants
   CITY OF VALLEJO AND KENT TRIBBLE

11

12                    **UNITED STATES DISTRICT COURT**

13                    **EASTERN DISTRICT OF CALIFORNIA**

14                         **SACRAMENTO DIVISION**

15

16 ANDREA JARREAU-GRIFFIN, individually        Case No.  2:12-CV-02979-KJM-KJN
   and as a personal representative of the estate of
17 GUY J. JARREAU, JR.; the estate of GUY J.
   JARREAU, JR.,
18
                                                **DEFENDANTS CITY OF VALLEJO AND**
19              Plaintiff,                       **KENT TRIBBLE'S ANSWER TO FIRST**
           vs.                                   **AMENDED COMPLAINT**
20
   CITY OF VALLEJO; KENT TRIBBLE,
21 individually and in his official capacity as a
   police officer; DOES 1-10,
22
23              Defendants.

24

25

26       Defendants CITY OF VALLEJO and KENT TRIBBLE hereby demand a jury trial in the above-

27 captioned matter and answer plaintiff's first amended complaint filed on June 25, 2013 as follows:

28
                                              1

## ANSWER TO ALLEGATIONS ENTITLED "INTRODUCTION"

1.    Answering paragraph entitled "Introduction," answering defendants admit this case arises out of the death of Guy J. Jarreau, Jr. on December 11, 2010. These answering defendants deny the remaining allegations contained within this paragraph. Answering defendants further deny that the death of Guy J. Jarreau Jr.'s death was wrongful.

## ANSWER TO ALLEGATIONS ENTITLED "PARTIES"

2.    Answering paragraphs 1-2, answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained within these paragraphs, and on that basis deny each and every of the allegations therein.

3.    Answering paragraphs 3-4, these answering defendants admit each and every allegation contained within these paragraphs.

4.    Answering paragraphs 5-6, these answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained within these paragraphs, and on that basis deny each and every of the allegations therein.

## ANSWER TO ALLEGATIONS ENTITLED "FACTUAL ALLEGATIONS"

5.    Answering paragraph 7, these answering defendants admit the allegations contained within this paragraph. However, these answering defendants deny that Guy J. Jarreau Jr.'s death was wrongful.

6.    Answering paragraph 8-9, these answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained within these paragraphs, and on that basis deny each and every of the allegations therein.

7.    Answering paragraph 10, these answering defendants admit defendant TRIBBLE arrived at the scene of the incident. Answering defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

8.    Answering paragraph 11, these answering defendants admit more officers arrived at the scene the scene of the incident. Answering defendants deny all remaining allegations contained within

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN

this paragraph.

9.     Answering paragraphs 12-18, these answering defendants deny each and every allegation contained within these paragraphs.

10.     Answering paragraph 19, these answering defendants deny that defendant CITY failed to train defendant TRIBBLE in providing medical care to individuals. Answering defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

11.     Answering paragraphs 20-23, these answering defendants deny each and every allegation contained within these paragraphs.

12.     Answering paragraph 24, these answering defendants are without sufficient knowledge or information to form a belief as to the allegations regarding plaintiffs' need to engage an attorney to vindicate their rights, and on that basis deny such allegations. These answering defendants admit that in the event a plaintiff prevails in an action under 42 U.S.C. §1983, he/she is entitled to an award of attorneys' fees. However, these answering defendants deny that any alleged acts or omissions by defendants in this matter were improper and therefore deny that plaintiffs are entitled to an award of attorneys' fees.

**ANSWER TO ALLEGATIONS ENTITLED**
**"FIRST CAUSE OF ACTION - VIOLATION OF THE FOURTH AMENDMENT OF THE**
**UNITED STATES CONSTITUTION (42 USC §1983)"**

13.     Answering paragraph 25, these answering defendants incorporate by reference each and every response to paragraphs 1 through 24 of the first amended complaint.

14.     Answering paragraphs 26 through 27, inclusive, these answering defendants deny each and every allegation and legal conclusion contained within these paragraphs and further deny that plaintiffs were injured by any acts or omissions of defendants.

15.     Answering paragraphs 28 and 29, these answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained within these paragraphs, and on that basis deny each and every of the allegations therein.

///

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN

**ANSWER TO ALLEGATIONS ENTITLED
"SECOND CAUSE OF ACTION - VIOLATION OF THE FOURTEENTH AMENDMENT OF
THE UNITED STATES CONSTITUTION (42 USC §1983)"**

16.     Answering paragraph 30, these answering defendants incorporate by reference each and every response to paragraphs 1 through 29 of the first amended complaint.

17.     Answering paragraph 31, these answering defendants deny each and every allegation and legal conclusion contained within this paragraph and further deny that plaintiffs were injured by any acts or omissions of defendants.

**ANSWER TO ALLEGATIONS ENTITLED
"THIRD CAUSE OF ACTION (42 USC §1983)"**

18.     Answering paragraph 32, these answering defendants incorporate by reference each and every response to paragraphs 1 through 31 of the first amended complaint.

19.     Answering paragraph 33, these answering defendants deny each and every allegation and legal conclusion contained within this paragraph and further deny that plaintiffs were injured by any acts or omissions of defendants

**ANSWER TO ALLEGATIONS ENTITLED
"FOURTH CAUSE OF ACTION (FAMILIAL RELATIONSHIPS)"**

20.     Answering paragraph 34, these answering defendants incorporate by reference each and every response to paragraphs 1 through 33 of the first amended complaint, inclusive.

21.     Answering paragraph 35, these answering defendants deny each and every allegation and legal conclusion contained within this paragraph and further deny that plaintiffs were injured by any acts or omissions of defendants.

**ANSWER TO ALLEGATIONS ENTITLED
"FIFTH CAUSE OF ACTION (MONELL)"**

22.     Answering paragraph 36, these answering defendants incorporate by reference each and every response to paragraphs 1 through 35 of the first amended complaint, inclusive.

23.     Answering paragraphs 37 through 39, inclusive, these answering defendants do not deny or admit any allegations contained therein because the Fifth Cause of Action was dismissed, with leave

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN

to amend, and plaintiffs did not file an amended complaint to cure the defects that led to the dismissal of this claim. (See Docket No. 32.)

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' first amended complaint fails to state facts sufficient to constitute a cause of action against defendants.

## SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiffs were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than defendants, including plaintiffs and plaintiffs' decedent themselves.  In the event that any fault of defendants is found to have contributed to any such damages, plaintiffs' recovery, if any, from defendants is limited to that percentage of plaintiffs' and plaintiffs' decedent's damages equal to the percentage by which defendants' fault contributed to said damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs and plaintiffs' decedent voluntarily consented to and participated in the acts complained of, and/or failed to mitigate their damages, and said failure proximately contributed to the events and damages alleged in the first amended complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, issue preclusion, collateral estoppel, res judicata, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Tort Claims Act.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 815.6, as all acts and/or omissions complained of by plaintiffs were reasonable and/or exercised with reasonable diligence within the meaning of said statute.

## SIXTH AFFIRMATIVE DEFENSE

Defendants at all times referred to in plaintiffs' first amended complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial

authorities.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Section 820.2, as all acts and/or omissions complained of by plaintiffs were discretionary acts within the meaning of said statute.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs and plaintiffs' decedent voluntarily assumed the risk of injuries and damages arising out of the subject incident, and said assumption of risk acts as a complete bar to any recovery in this matter.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries and damages are barred to the extent that they exceed the scope of their public entity claim(s) filed with responding defendant public entity.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Penal Code Sections 833, 833.5, 834a, 835, 835a, 836, 836.5 and 840 for any police conduct/action relating to the incident complained of by plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as they exercised due care in the execution and enforcement of the law relative to plaintiffs and/or plaintiffs' decedent and/or are immune for invalid or inapplicable enactments.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant public entities are immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of their employees who are immune from liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against plaintiffs' decedent which relate to the subject incident.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 818.8 and 822.2 for any alleged misrepresentations made to any persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 845.6 for the failure to obtain or furnish medical care for any prisoner within their custody.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 855.6, 855.8, 856, 856.2 and 856.4 for failing to diagnose that any person was afflicted with a mental illness/disorder or by the failure to provide/prescribe for said illness/disorder.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Penal Code Section 847 since, at the time of the subject incident, defendants had reasonable cause to believe that any attempted arrest/detention was lawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 850, 850.2, 850.4, and 850.8 for injury caused by transport or failure to transport to a medical facility.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 818.2 and 821 for failing to adopt an enactment or enforce any law, and under Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Section 845 for the alleged failure to provide police protection or to provide sufficient police protection.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant public entities allege that, in the event they are found to be liable, which is expressly denied herein, said defendants may elect to have damages, if any, in excess of the amount specified in

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN

1  California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7

2  paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant public entities' employees are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs,* 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982),  *Anderson v. Creighton*, 107 S.Ct. 3034 (1987) and other applicable statutory and judicial authorities.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiffs have been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' first amended complaint fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants' alleged acts were reasonable under the doctrine set forth in *Graham v. Connor*, 108 S.Ct. 1865 (1989) and all other applicable federal and state judicial authorities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

No municipal policy, pattern or practice caused any deprivation of plaintiffs' or plaintiffs' decedent's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, plaintiffs are not entitled to judgment against the public entity defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The facts alleged in plaintiffs' first amended complaint constitute an isolated act of alleged unlawful behavior which does not constitute an unconstitutional municipal policy, pattern or practice under the doctrine of law announced in *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2     Defendants are immune from liability pursuant to all remaining applicable provisions of the

3  California Tort Claims Act and other relevant state and federal statutes and/or regulations.

4

### TWENTY-NINTH AFFIRMATIVE DEFENSE

5     Plaintiffs are precluded from recovering punitive damages against defendant public entity

6  pursuant to California Government Code Section 818 and all other applicable federal and state statutes

7  and judicial authorities relating to such damages.

8

### THIRTIETH AFFIRMATIVE DEFENSE

9     Plaintiffs' causes of action are barred by their failure to exhaust administrative remedies.

10

### THIRTY-FIRST AFFIRMATIVE DEFENSE

11     Plaintiffs' first amended complaint is barred by the doctrine of unclean hands and the after-

12  acquired evidence doctrine.

13     WHEREFORE defendants CITY OF VALLEJO and KENT TRIBBLE pray that:

14     1.     Plaintiffs take nothing by reason of their first amended complaint;

15     2.     Defendants be awarded their costs of suit incurred herein and their attorneys' fees

16  pursuant to 42 U.S.C. Section 1988 and all other applicable federal and state statutes and judicial

17  authorities; and,

18     3.     Defendants be granted such further relief as the Court deems proper.

19  DATED: January 31, 2014          Respectfully submitted,

20                       By: */s/ Richard W. Osman*

21                         Richard W. Osman

                           Attorney for Defendants

22                         CITY OF VALLEJO and KENT TRIBBLE

23

24

25

26

27

28

DEFENDANTS CITY OF VALLEJO AND KENT TRIBBLE'S ANSWER TO FIRST AMENDED COMPLAINT
*Jarreau-Griffin v. City of Vallejo*
U.S.D.C. Eastern District of CA Case No. 2:12-CV-02979-KJM-KJN