**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:    FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

**THOMAS F. BERTRAND**, SBN 56560
The Waterfront Building
2749 Hyde Street
San Francisco, CA  94109
Tel:    (415) 353-0999
Fax:    (415) 353-0990

Attorneys for Defendants, CITY OF VALLEJO AND KENT TRIBBLE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ANDREA JARREAU-GRIFFIN, individually and as a personal representative of the estate of GUY J. JARREAU, JR.; the estate of GUY J. JARREAU, JR., | Case No.  2:12-CV-02979-KJM-KJN |
| Plaintiffs, | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| CITY OF VALLEJO; KENT TRIBBLE, individually and in his official capacity as a police officer; DOES 1-10, | Date:          March 14, 2014<br>Time:          10:00 a.m.<br>Courtroom:   3, 15TH Floor<br>Judge:         Kimberly J. Mueller<br>Trial Date:    None set |
| Defendants. | Action Filed:  December 10, 2012 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 14, 2014, at 10:00 a.m., in Courtroom 3 of the United States Courthouse located at 501 I Street, Sacramento, California, Defendants, CITY OF VALLEJO AND KENT TRIBBLE will move under Federal Rule of Civil Procedure 12(c) for an

order dismissing Plaintiffs' Andrea Jarreau-Griffin and the Estate of Guy J. Jarreau, Jr. complaint with prejudice on the ground that, as a matter of law, any cognizable causes of action which Plaintiffs might assert arising out of the events alleged in their Complaint have been discharged through the City of Vallejo's Chapter 9 bankruptcy case.   This motion is supported by the attached Memorandum of Points and Authorities and such argument and evidence as the Court may entertain at the hearing on this motion.

DATED:  February 10, 2014                          Respectfully submitted,


                                                  */s/ - Furah Z. Faruqui*                          
                                                  FURAH Z. FARUQUI
                                                  Deputy City Attorney
                                                  Attorney for Defendants,
                                                  CITY OF VALLEJO and KENT TRIBBLE

---

**Case No. 2:12-CV-02979-KJM-KJN**                **DEFENDANTS' MOTION
                                                  FOR JUDGMENT ON THE
                                                  PLEADINGS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs Andrea Jarreau-Griffin and the Estate of Guy J. Jarreau, Jr. ("Plaintiffs") allege that Defendants City of Vallejo ("City") and Officer Kent Tribble violated Plaintiffs' civil rights. The alleged tortious conduct occurred in December 2010, after the City had sought Chapter 9 bankruptcy relief, and before it confirmed its plan of adjustment ("Plan") in August 2011.  The Plan became effective in November 2011, at which time all claims against the City that arose prior to the August 2011 confirmation date were discharged.  In other words, all such claims were entitled to whatever treatment was afforded them under the Plan, and the City was excused from any other obligation to claimants so as to allow the City a "fresh start" following the restructuring of its debts through bankruptcy.

As a result of the incident, Plaintiffs' then attorney, John Burris, filed a government tort claim on behalf of his clients in May 2011.  At this time, Mr. Burris, who represented several other bankruptcy claimants (he filed bankruptcy claims on their behalf in 2010) had notice of the City's bankruptcy.  Although Mr. Burris could have timely filed a bankruptcy claim on Plaintiffs' behalf at any point until August 2011, he did not.  Caselaw provides that Mr. Burris' knowledge of the City's bankruptcy is imputed to his client.  Thus, because Plaintiffs' claims arose prior to the confirmation of the Plan and Plaintiffs had knowledge of the bankruptcy proceedings (vis a vis their attorney) pre- confirmation, their sole remedy for their claims against the City and Officer Tribble was in bankruptcy court.  However, Plaintiffs disregarded the bankruptcy proceedings *entirely,* filing this lawsuit on December 10, 2012.[1]  At this time, the Bankruptcy Plan had already become effective and any claims against the City that arose prior to the August 2011 confirmation date, including Plaintiffs' claims, were discharged. As a result, Plaintiffs' lawsuit against the City is barred.

Moreover, any claims Plaintiffs have against Vallejo Police Department Officer Tribble are likewise discharged by the City's bankruptcy.  Under state law, the City is required to defend

---

[1]  Curiously, at the time Plaintiff filed the lawsuit, he had hired a new attorney, Corey Evans of Evans and Page.

Case No. 2:12-CV-02979-KJM-KJN

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

-3-

civil actions brought against its employees for acts and omissions occurring within the scope of their employment, regardless of whether the case is brought under § 1983 and whether they are sued in their individual or official capacities.  Therefore, Plaintiffs' entire lawsuit is barred and Defendants are therefore entitled to judgment on the pleadings as a matter of law.

## II.

## STATEMENT OF FACTS

The City filed for bankruptcy relief on May 23, 2008.  (*See* Request For Judicial Notice In Support Of Defendants' Motion For Judgment On The Pleadings ("RJN"), Ex. 1 (City of Vallejo's Chapter 9 petition).)  The bar date for filing claims against the City (other than those relating to retiree medical benefits) was August 16, 2010.  (RJN, Ex. 2 (Order confirming bar date.)  On August 4, 2011, the Bankruptcy Court confirmed the Plan.  (RJN, Ex. 4 (August 4, 2011 order confirming the Plan.)  The Plan provided that upon the "Effective Date," the City would be discharged from all of its debts other than those excepted from discharge by the Plan or by statute.  (RJN, Ex. 3 (Plan); *see also* 11 U.S.C. § 524(a) (discharge of debts).)  The Effective Date was November 1, 2011.  (RJN, Ex. 5 (notice of November 1, 2011 Effective Date).  Although the automatic stay imposed as of the City's bankruptcy filing expired on the Effective Date, a prospective discharge injunction came into effect the same day.  (*See* 11 U.S.C. § 362(c)(2)(C); 11 U.S.C. § 944; Plan 45-46.)  Accordingly, upon the occurrence of the Effective Date and the discharge of the City's pre-confirmation debts, litigants were barred from initiating or continuing to prosecute lawsuits against the City except to the extent such actions were consistent with the provisions of the Plan.

The Complaint alleges violations of 42 U.S.C. § 1983, and other causes of action, based on conduct that occurred on December 11, 2010, at which time the City's bankruptcy was ongoing.  Plaintiffs initially submitted a claim under the Government Tort Claims Act that was received by the City on May 17, 2011.  (*See Exhibit A to the Declaration of Furah Faruqui*.)  However, Plaintiffs at no point filed a proof of claim with the bankruptcy court for damages arising out of events occurring on December 11, 2010.  (*See* RJN, Ex. 6 (Claims Register).)  Instead, Plaintiffs filed their Complaint For Damages ("Complaint") on December 10, 2012,

naming the City and Vallejo Police Department Officer Tribble in his official and personal capacity.

### III.

### LEGAL STANDARD

Judgment on the pleadings under Rule 12(c) is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." (*George v. Pacific-CSC Work Furlough*, (9th Cir. 1996) 91 F.3d 1227, 1229 (internal quotations omitted).) The court applies the same standard as that applied to a Rule 12(b)(6) motion. A motion for judgment on the pleadings is functionally equivalent to a motion to dismiss under Rule 12(b)(6), the only difference being the timing of the motions. (*Dworkin v. Hustler Magazine, Inc*., (9th Cir. 1989) 867 F.2d 1188, 1192.) Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. (*Morgan v. County of Yolo*, (E.D. Cal. 2006) 436 F. Supp. 2d 1152, 1155, *aff'd,* (9th Cir. 2008) 277 Fed. Appx. 734.)

Because the discharge injunction under 11 U.S.C. § 524 bars Plaintiffs from recovering anything on the Complaint, the Court should dismiss this lawsuit in its entirety.

### IV.

### ARGUMENT

**A.** **Plaintiffs' Claim Arose Prior To Confirmation Of The City's Plan, And Is Therefore Discharged.**

To protect a debtor's fresh start, Congress enacted 11 U.S.C. § 524(a), which enables the debtor to shed its prepetition (or in the case of a chapter 9 debtor, pre-confirmation) liabilities by voiding "any judgment at any time obtained" against the debtor. (*See* 11 U.S.C. § 524(a)(1).) It also "operates as an injunction against the commencement or continuation of an action…to collect, recover, or offset any such debt as a personal liability of the debtor." (*Id*. § 524(a)(2); see *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, (B.A.P. 9th Cir. 1999) 229 B.R. 777, 781.)

In the Chapter 9 context, "debt" means any "liability on a claim," and includes claims in

1   civil actions such as those raised in the Complaint.  (See *O'Loghlin v. County of Orange*, (9th Cir.

2   2000) 229 F.3d 871, 874, quoting 11 U.S.C. § 944(b).)   For purposes of discharge in a

3   bankruptcy case, a claim arises "at the time of the events giving rise to the claim." (*Id.*)  Here,

4   Plaintiffs' claim – the debt discharged under the Plan – arose on or about July 17, 2010.

5       *O'Loghlin* is both controlling and particularly instructive because it involved another

6   Chapter 9 debtor.  In *O'Loghlin*, a county employee sued Orange County under the Americans

7   with Disabilities Act ("ADA").  (*O'Loghlin*, *supra*, at 872-73.)  The Ninth Circuit affirmed the

8   Central District of California's dismissal of the employee's suit to the degree that it was based on

9   pre-discharge violations of the ADA.  The suit was a "claim" within the definition of 11 U.S.C. §

10  101(5), and was therefore discharged through the county's chapter 9 bankruptcy case.  (*Id.* at

11  874.)

12      Here, the events giving rise to Plaintiffs' claims took place on December 11, 2010, before

13  confirmation of the Plan, and before the Effective Date.  (*See* Complaint at pp. 1-2.)  Therefore,

14  Plaintiffs' proper course was to file a claim with the bankruptcy court and obtain a remedy

15  through the City's confirmed Plan; they failed to do so.  Notwithstanding, Plaintiffs' claims were

16  discharged along with the City's other pre-confirmation liabilities.  Any judgment Plaintiffs

17  might obtain on account of the City's alleged pre-confirmation acts or omissions would thus be

18  void.  More importantly, the discharge injunction affirmatively bars Plaintiffs from continuing

19  this suit against the City to recover a discharged debt.[2]  As a result, Plaintiffs' lawsuit must be

20  dismissed.

21      **B.     Plaintiffs' Counsel's Knowledge Of The City's Bankruptcy Is Imputed To
                 The Plaintiffs.**

22

23      Plaintiffs' claims are subject to discharge to the extent that he had "notice [or] actual

24  knowledge of the [bankruptcy] case" prior to confirmation of the Plan.  (11 U.S.C. § 944(c)(2).[3])

25  While it is more than likely that Plaintiffs themselves had actual knowledge of the City's

26

27  [2]  Had Plaintiffs timely filed a proof of claim, this case could proceed to judgment, but any amount awarded to
    Plaintiffs would be paid pursuant to the provisions of the Plan.  More specifically, it would fall into Class 7 of the
28  Plan, and be paid at roughly 23 cents on the dollar.
    [3]  It is also clear that the exception provided for in 11 U.S.C. § 944(c)(1) is inapplicable, as there is no provision in
    the Plan or Confirmation Order excepting Plaintiff's claims from discharge.  (*See* RJN, Exs. 3, 4.)

bankruptcy, it is sufficient that notice to Plaintiffs' counsel of the bankruptcy case is also imputed to Plaintiffs. (*In re Price*, (9th Cir. 1989) 871 F.2d 97, 99 (concluding that adequate notice was provided where debtor's counsel gave creditor's counsel actual notice of the bankruptcy case during state court litigation of the creditor's claim).

It is beyond dispute that Plaintiffs' then counsel, John L. Burris ("Burris"), had ample notice of the City's bankruptcy case at the time he personally filed the government tort claim in 2011. In fact, Burris represented numerous other claimants who *did* file bankruptcy claims prior to confirmation of the City's Plan, including:

| Claimant | Claim Number | Date Claim Filed | Claims Register Page |
|---|---|---|---|
| Berry, Jaquezs | 521 | August 16, 2010 | 150 |
| Collins, Terry | 516 | August 16, 2010 | 148 |
| Deocampo, Jason | 511, 524 | August 16, 2010 | 147, 151 |
| Durham, Thomas | 519 | August 16, 2010 | 149 |
| Garrett, Georgia Mae | 508 | August 16, 2010 | 146 |
| Grant, Jesus | 523 | August 16, 2010 | 150 |
| Hill, Joseph | 510 | August 16, 2010 | 146-47 |
| Hinton, Cunard | 514 | August 16, 2010 | 148 |
| Jones, Howard | 515 | August 16, 2010 | 148 |
| | | | |

Case No. 2:12-CV-02979-KJM-KJN

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

| Jones, Theotis | 518 | August 16, 2010 | 149 |
|---|---|---|---|
| Leonard, Henry | 513 | August 16, 2010 | 147-48 |
| K.L. (minor) | 509 | August 16, 2010 | 146 |
| D.L. (minor) | 512 | August 16, 2010 | 147 |
| Mixon, Mary | 517 | August 16, 2010 | 149 |
| Robinson-Bauer, Lori | 520 | August 16, 2010 | 149-50 |

(*See* RJN, Ex. 6 (Claims Register).)

Given that Plaintiffs' government tort claim was received by the City on May 17, 2011, approximately 9 months after his attorney had filed more than a dozen claims with the bankruptcy court, it is abundantly clear that Plaintiffs' counsel had notice of the City's bankruptcy at the time he submitted Plaintiffs' government tort claim.  As a result, Plaintiffs are also assumed to have had notice of the bankruptcy case, as well as the impending discharge of their claims, at least as of that date.  Moreover, Plaintiffs had a minimum of three months – between the submission of his government tort claim and the confirmation of the City's Plan – during which they could have filed a proof of claim with the bankruptcy court.  Because Plaintiffs' counsel's knowledge is imputed to Plaintiffs, Plaintiffs' claims are not excepted from discharge by § 945(c)(2).[4]

**C.    The Discharge Requires Dismissal of Plaintiffs' Claims Against Officer Tribble.**

Any claims Plaintiffs have against Vallejo Police Department Officer KENT TRIBBLE

---

[4]  For purposes of this analysis, it is irrelevant that Plaintiffs were represented by different counsel at the time the Complaint was filed, than at the time they filed their government tort claim.  It is well-settled that a substitution of attorney does not ameliorate either attorney from negligence and malpractice.  (*Cline v. Watkins* (1977) 66 Cal.App.3d 174.)

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

are likewise discharged by the City's bankruptcy.  Under state law, the City is required to defend civil actions brought against its employees for acts and omissions occurring within the scope of their employment, regardless of whether the case is brought under § 1983 and whether they are sued in their individual or official capacities.  (*See* Cal. Gov't Code § 995; *Williams v. Horvath*, (1976) 16 Cal. 3d 834, 843 (nothing in § 1983 "precludes a state from indemnifying public employees when liability is founded on that section").)  The City is therefore required to defend Officer Tribble against Plaintiffs' suit, even as to those claims brought against him in his individual capacity.  Moreover, state law also requires the City to pay any claim or judgment against its employees in favor of third-party Plaintiffs.  (*See* Cal. Gov't Code §§ 825 *et seq.*)

A judgment obtained by Plaintiffs against Officer Tribble in his individual capacity is thus, in effect, a judgment against the City, and would be paid out of the City's treasury.  The City's statutorily-mandated payment of the Officer's defense costs and judgments falls within the broad category of "debt" discharged by the bankruptcy, as would the defense and indemnification of claims by Plaintiffs against any of the City's other officers.  (*See O'Loghlin*, *supra*, at 874.)  Any claim against an officer in his individual capacity is therefore a de facto claim against the City, and such claims were discharged as of the Effective Date.

This Court has applied this exact analysis in deciding whether the automatic bankruptcy stay should apply to suits against officers in their individual capacities.  In *Williams v. Kenney*, (E.D. Cal. Aug. 12, 2008) 2008 WL 3540408, *Finding and Recommendations adopted by [this Court in]* 2008 WL 4454042 (E.D. Cal. Sept. 30, 2008), Magistrate Judge Brennan ruled that the automatic stay applied to bar a civil action brought against an individual officer employed by the City, even where the City was no longer a party to the action.  Magistrate Brennan held that because state law would require the City to defend and indemnify the individual officer, the case was "one that would necessarily affect [the City's] property," and thus the civil action was "in effect" against the City.  Similarly, in *Smith-Downs v. City of Stockton,* (E.D. Cal. August 3, 2012), 2:10-cv-02495-MCE-GGH, Judge England held that a civil action brought by a third-party against a police officer employed by the City of Stockton in his individual capacity was barred by the automatic stay created by the City of Stockton's bankruptcy case.  The court

1    reasoned that if it were to allow "the [civil] case to proceed to judgment, or if the case were to

2    settle, then the City would potentially be obligated to pay for the individual City officers'

3    defense costs, as well as to indemnify the officers for the amount of judgment or settlement,

4    which would necessarily violate the automatic stay provisions . . . ."

5        By the same reasoning, Plaintiffs' claims against Officer Tribble are discharged in the

6    same manner as are Plaintiffs' claims against the City.

### V.

### CONCLUSION

9        As delineated above, Federal bankruptcy law would be violated if Plaintiffs proceed with

10    their lawsuit.  Any judgment Plaintiffs obtain would be void against the City (either directly or

11    through a judgment against Officer Tribble that the City would be statutorily required to pay).

12    Thus, the Court should grant the City's Motion for Judgment on the Pleadings.

14    DATED:  February 10, 2014             Respectfully submitted,

16                                   */s/ - Furah Z. Faruqui*

17                                   FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO and KENT TRIBBLE