1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA JARREAU-GRIFFIN, et al., | No.  2:12-CV-02979-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

17    I.    BACKGROUND — *[see below]*

17          Defendants City of Vallejo ("the City") and Kent Tribble move for judgment on

18    the pleadings under Federal Rule of Civil Procedure 12(c).  Defs.' Mot. for J. on the Pleadings

19    ("Mot.") at 3–4, ECF No. 38.  The court submitted the matter without argument and, for the

20    reasons below, DENIES the motion without prejudice.

21    I.    BACKGROUND

22          On December 11, 2010, defendant Tribble, a Vallejo police officer, shot and

23    killed Guy J. Jarreau, Jr. ("the decedent").  First Am. Compl. ("FAC") ¶ 7, ECF No. 15.

24    Thereafter, plaintiff Jarreau-Griffin ("plaintiff"),[1] the decedent's mother and successor in

25    interest, submitted a claim-for-damages form, which was received and filed by the City on

26

27          [1] The plaintiffs in the case are the decedent's successor in interest and estate.  For
28    clarity and ease of reference, the court refers to the successor in interest as the only plaintiff but
      notes that she acts on behalf of both herself and the estate.

1

1    May 17, 2011.  Faruqui Decl., Ex. A, ECF No. 24-1.  Plaintiff eventually filed suit in this court

2    on December 10, 2012, alleging several claims stemming from the shooting.  FAC ¶¶ 25–39,

3    ECF No. 1.  When filing the claim-for-damages form, plaintiff was represented by John Burris,

4    Faruqui Decl., Ex. A; however, the instant action was filed by new counsel, Corey Evans.

5           The shooting and subsequent claim for damages occurred during the pendency

6    of the City's bankruptcy petition, filed on May 23, 2008.  Req. for Judicial Notice ("RJN"),

7    Ex. 1, ECF No. 39-1.  However, despite receiving and filing the claim for damages, the City

8    did not notify plaintiff of the bankruptcy proceedings, and plaintiff never filed a proof of claim.

9    The bankruptcy court ultimately confirmed the City's plan for adjustment of debts on August 4,

10   2011, *id.*, Ex. 4, ECF No. 39-4, and fixed an effective date of November 1, 2011, *id.*, Ex. 5,

11   ECF No. 39-5.

12   II.        STANDARD

13          A motion for judgment on the pleadings under Federal Rule of Civil Procedure

14   12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6).  *Dworkin v.*

15   *Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  It is properly granted where "the

16   moving party clearly establishes on the face of the pleadings that no material issue of fact

17   remains to be resolved and that it is entitled to judgment as a matter of law."  *George v.*

18   *Pacific-C.S.C. Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996).  In both instances, the

19   inquiry focuses on the interplay between the factual allegations of the complaint and the

20   dispositive issues of law in the action, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984),

21   and courts "must presume all factual allegations of the complaint to be true and draw all

22   reasonable inferences in favor of the nonmoving party," *Usher v. City of L.A.,* 828 F.2d 556,

23   561 (9th Cir. 1987).  This rule does not, however, apply to "a legal conclusion couched as a

24   factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Bell Atl. Corp. v.*

25   *Twombly*, 550 U.S. 544, 555 (2007), or to "allegations that contradict matters properly subject

26   to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

27   /////

28   /////

1    "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

2    presented to and not excluded by the court, the motion must be treated as one for summary

3    judgment under Rule 56."  FED. R. CIV. P. 12(d).  "The court may, however, consider certain

4    materials without converting the motion for judgment on the pleadings into a motion for

5    summary judgment.  Such materials include . . . matters of judicial notice."  *Tumlinson Group,*

6    *Inc. v. Johannessen*, No. 2:09-cv-1089 JFM, 2010 WL 4366284, at *3 (E.D. Cal. Oct. 27, 2010)

7    (citing *Lloyd v. Powell*, No. C09-5734 BHS/KLS, 2010 WL 2560652, at *1 (W.D. Wash. June

8    18, 2010); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Baron v. Reich*, 13 F.3d

9    1370, 1377 (9th Cir. 1994)); *see also Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001)

10   (holding court may properly take judicial notice of "matters of public record" on 12(b)(6)

11   motion without converting to summary judgment motion).

12   III.      ANALYSIS

13          Defendants argue judgment on the pleadings is proper.  Mot. at 4.  They insist

14   plaintiff's failure to file a claim in the bankruptcy proceedings precludes the instant action

15   because any potential liability arose at the time of the shooting, well before the bankruptcy

16   court confirmed the plan or fixed the effective date, and plaintiff had imputed notice of the

17   proceedings through her then-counsel.  *Id.* at 5–8.  Thus, defendants conclude, even assuming a

18   valid debt existed at one time, it was discharged as of the plan's effective date.  *Id.* at 5–10.

19          Plaintiff responds that debtors owe a continuing obligation throughout

20   bankruptcy proceedings to list all creditors and that it was thus incumbent upon the City to

21   provide her with the required notice.  Pl.'s Opp'n to Mot. ("Opp'n") at 5–6, ECF No. 29.

22   Further, she continues, the instant circumstances do not constitute imputed notice because

23   plaintiff's then-counsel did not simultaneously represent other parties involved in the

24   bankruptcy proceedings.  *Id.* at 10–13.  She also argues that defendants improperly rely on

25   extrinsic evidence in their motion and that the court should either disregard such evidence or

26   convert the motion to one for summary judgment.  *Id.* at 15.

27   /////

28   /////

3

1          A.  <u>Consideration of Matters Outside the Pleadings</u>

2          As an initial matter, the court must determine whether it may properly consider

3 facts surrounding the City's bankruptcy proceedings in deciding the instant motion.  As noted,

4 the court may consider "matters of judicial notice," *Tumlinson Group*, 2010 WL 4366284, at

5 *3, and "matters of public record," *Lee*, 250 F.3d at 688–89, without converting the motion to

6 one for summary judgment.  Matters properly subject to judicial notice include "fact[s] . . . not

7 subject to reasonable dispute because . . . [they] can be accurately and readily determined from

8 sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).

9          Here, in arguing imputed notice, defendants rely on a number of facts not

10 reflected in the parties' pleadings: (1) that Burris represented plaintiff in May 2011; (2) that

11 Burris represented several claimants in the City's bankruptcy proceedings, beginning in August

12 2010; and (3) that Burris had notice of the City's bankruptcy proceedings in May 2011.  Mot. at

13 3.  The first fact can be "accurately and readily determined from sources whose accuracy

14 cannot reasonably be questioned," namely the claim-for-damages form signed by Burris

15 himself.  Faruqui Decl., Ex. A.  The court thus takes judicial notice of the fact that Burris

16 represented plaintiff in May 2011.

17          Regarding the second and third facts, however, the court declines to take such

18 notice.  The only document defendants provide to verify the second fact — a claims register

19 taken from the bankruptcy court docket — is insufficient to "accurately and readily" make the

20 required determination.  FED. R. EVID. 201(b).  The document alternately lists "John L. Burris"

21 and the "Law Offices of John L. Burris" as representing certain claimants as of August 2010,

22 but it is neither prepared nor signed by counsel.  RJN, Exs. 6-1, 6-2.  Although a subsequent

23 bankruptcy filing lists John L. Burris and his California state bar number in the caption on the

24 cover sheet, that document was filed June 11, 2012.  Claimants' Opp'n to Debtor's Objection to

25 Claims, Bankruptcy Case No. 2008-26813, ECF No. 1333.  Together, these documents show

26 only that either John L. Burris or his firm was involved in the bankruptcy proceedings in

27 August 2010 and John L. Burris was himself active in the bankruptcy case in June 2012.

28 /////

1    In light of the procedural posture of this case, the court must draw inferences in

2  favor of the nonmoving party.  Thus, defendants must show beyond "reasonable dispute," on

3  the basis of "sources whose accuracy cannot reasonably be questioned," FED. R. EVID. 201(b),

4  that Burris's personal involvement in the bankruptcy began in August 2010, such that he had

5  notice of the personal bankruptcy when he filed plaintiff's claim with the City in 2011, *In re*

6  *Perle*, 725 F.3d 1023, 1025 (9th Cir. 2013) (holding individual lawyer must represent party in

7  bankruptcy proceedings while simultaneously representing client in other case for notice or

8  knowledge of bankruptcy to be imputed to other client).  Defendants have not done so.

9  Because the court declines to take judicial notice of the second fact, it necessarily declines to

10 take notice of the third as well.

11    B.  Notice or Actual Knowledge

12    11 U.S.C. § 944 provides in pertinent part: "[T]he debtor [municipality] is

13 discharged from all debts as of the time . . . the plan [for adjustment of debts] is confirmed,"

14 except "any debt . . . owed to an entity [a creditor] that, before confirmation of the plan, had

15 neither notice nor actual knowledge of the case."  11 U.S.C. § 944(b)–(c).

16    Here, the City's plan for adjustment of debts was confirmed on August 4, 2011.

17 RJN, Ex. 4.  The shooting that killed Jarreau occurred on December 11, 2010, FAC ¶ 7, and

18 was thus an extant debt "as of the time . . . the plan [was] confirmed."  *O'Loghlin v. Cnty. of*

19 *Orange*, 229 F.3d 871, 874 (9th Cir. 2000) ("[A] claim arises, for purposes of discharge in

20 bankruptcy, at the time of the events giving rise to the claim . . . .").  Unless an exception

21 applies, the City's debt to Jarreau's estate and heirs was discharged upon confirmation.  *Id.* at

22 873 ("[T]he [municipal debtor]'s reorganization plan was confirmed in June 1996, [thereby]

23 discharging its pre-confirmation debts.").

24    An exception does apply where a creditor had neither "notice nor actual

25 knowledge of the" bankruptcy proceedings.  11 U.S.C. § 944(c).  The City relies on its imputed

26 notice argument here as well, and also argues "it is more than likely" plaintiff "had actual

27 knowledge" of the bankruptcy proceedings.  Mot. at 6–8.  Plaintiff contends notice may

28 /////

2:12-cv-02979-KJM-DB   Document 49   Filed 04/15/14   Page 6 of 6

1  not be imputed under these circumstances because Burris learned of the bankruptcy while

2  representing other clients at a later time.  Opp'n at 10–13.

3      For the same reasons set forth above, the City's argument fails.

4      On the instant record, the court is unable to find as a matter of law that plaintiff

5  had either notice or actual knowledge of the City's bankruptcy proceedings.

6  IV.   <u>CONCLUSION</u>

7      For the foregoing reasons, the court DENIES the motion without prejudice.

8      IT IS SO ORDERED.

9  DATED:  April 14, 2014.

10

11  _____

12  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28