1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREA JARREAU-GRIFFIN, et al.,              No.  2:12-cv-2979-KJM-KJN

12                  Plaintiffs,

13           v.                                   ORDER

14   CITY OF VALLEJO, et al.,

15                  Defendants.

16

17           This matter is before the court on defendants' motion for judgment on the

18   pleadings under Federal Rule of Civil Procedure 12(c).  ECF No. 56.  Also before the court are

19   defendants' and plaintiff's requests for judicial notice.  ECF Nos. 57, 66.  Plaintiff[1] opposes and

20   defendants have replied.  ECF Nos. 65, 67.  This matter is decided on the papers.  For the

21   following reasons, defendants' motion is denied.

22   I.      REQUESTS FOR JUDICIAL NOTICE

23           Defendants request judicial notice of seven documents related to the City of

24   Vallejo's (City's) bankruptcy: (1) the City's Voluntary Chapter 9 Petition, filed May 23, 2008;

25   (2) the Order Fixing Bar Date for Claims Other Than Those Based on Retiree Health or Pension

26   Benefits; (3) the Second Amended Plan for the Adjustment of Debts of City of Vallejo,

27   _____

28   [1] As in the court's previous order (ECF No. 49), the court refers to Jarreau-Griffin as the
     only plaintiff but acknowledges she acts on behalf of herself and the estate.

                                              1

1  California, as Modified August 2, 2011; (4) the Order Confirming City of Vallejo's Second

2  Amended Plan for the Adjustment of Debts of City of Vallejo, California, as Modified August 2,

3  2011; (5) the Notice of November 1, 2011 Effective Date;  (6) the July 28, 2008 Stipulation and

4  Proposed Order to Stay Entire Action Pursuant to 11 U.S.C. Section 362 in the matter entitled

5  *Deocampo v. City of Vallejo*, No. 2:06-cv-1283-WBS (E.D. Cal.), executed by John Burris; and

6  (7) the Claims Register for *In re City of Vallejo, California,* Case No. 08-26813, in the

7  Bankruptcy Court for the Eastern District of California.  Defs.' RJN, ECF No. 57.  Plaintiff

8  opposes, conceding the documents are noticeable, but not for the truth of the matters asserted in

9  the documents.  Opp'n at 3.

10        Plaintiff requests judicial notice of a pleading filed by the City in its bankruptcy

11  proceedings on May 23, 2008.  ECF No. 66-1.

12        Each document covered by a party's request is a court document, and a matter of

13  public record subject to ready determination of its accuracy.  *Reyn's Pasta Bella, LLC, v. Visa*

14  *USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Accordingly, the request for judicial notice of

15  each document is GRANTED, with recognition of the limitation that the judicially noticed fact in

16  each instance is the existence of a document, not the truth of the matters asserted in the

17  documents.  *Rowland v. Paris Las Vegas*, No. 3:13-CV-02630, 2014 WL 769393, at *3 (S.D. Cal.

18  Feb. 25, 2014).

19  II.    <u>PROCEDURAL BACKGROUND</u>

20        On December 10, 2012, plaintiff Andrea Jarreau-Griffin filed a complaint against

21  the City and City police officer Kent Tribble.  Compl., ECF No. 1.  Plaintiff filed the operative

22  first amended complaint on June 25, 2013.  ECF No. 15 (FAC).  The complaint alleges violations

23  of the Fourth and Fourteenth amendments under 42 U.S.C. § 1983 against defendant Tribble and

24  municipal liability under *Monell* against the City.  The claims arose on December 11, 2010,

25  during the pendency of the City's bankruptcy petition, filed on May 23, 2008.  Req. for Judicial

26  Notice ("RJN"), Ex. 1, ECF No. 39-1.  Despite receiving and filing plaintiff's claim for damages,

27  there is no evidence and the City does not argue it notified plaintiff of the bankruptcy

28  proceedings, and plaintiff never filed a proof of claim.  Plaintiffs' RJN, Ex. 1; Defs.' RJN Ex. 6.

1    Defendants filed a motion to dismiss the first amended complaint on July 9, 2013,

2    ECF No. 16, and filed a motion for judgment on the pleadings on September 23, 2013, ECF No.

3    23.  On November 6, 2013, the court denied without prejudice defendants' motion for judgment

4    on the pleadings, ECF No. 30.  On December 9, 2013, the court granted in part defendants'

5    motion to dismiss, dismissing without leave to amend the third claim to the extent it was

6    premised on the Fourteenth Amendment; the fourth claim to the extent it is premised on the

7    Fourth Amendment; and plaintiffs' claims for punitive damages.  ECF No. 32.  The court

8    dismissed the fifth claim with leave to amend.  *Id.*

9    On February 10, 2014, defendants filed a second motion for judgment on the

10   pleadings, which the court denied without prejudice on April 15, 2014.  ECF Nos. 38, 48, 49.

11   Defendants filed the instant third motion for judgment on the pleadings on December 23, 2014.

12   ECF No. 56.  Plaintiff filed her opposition and request for judicial notice on February 27, 2015.

13   ECF Nos. 65, 66.  Defendants filed a reply on March 6, 2015.  ECF No. 67.

14   III.    ALLEGATIONS OF THE COMPLAINT

15   Plaintiff is Andrea Jarreau-Griffin, mother of decedent Guy J. Jarreau, Jr., who

16   sues on behalf of herself and the decedent's estate.  FAC at 1.  When filing the claim-for-damages

17   form with the City, plaintiff was represented by John Burris.[2]  This litigation was initiated by

18   current counsel, Corey Evans.  Defendant Tribble, employed by defendant City as a peace officer,

19   shot and killed Jarreau, Jr. at approximately 3:00 p.m. on December 11, 2010.  FAC ¶ 7.  Jarreau,

20   Jr., a "community activist, mentor, and student at Napa Valley Community College" was assisting

21   with the filming of "an anti-violence music video."  *Id.* ¶ 9.  Officers arrived at the scene, and

22   ordered the film crew to disperse.  *Id.* ¶ 10.  As Jarreau, Jr. and the film crew dispersed, more

23   officers arrived, commanding the film crew to get on the ground.  *Id.* ¶ 11.  Jarreau, Jr., a short

24   distance away, walked in the direction of the alley.  *Id.* ¶ 11.  Officer Tribble, in plainclothes,

25   gave no warning and shot Jarreau, Jr. while his hands were in the air, holding only a green cup.

26   *Id.*

27

28   [2] The court took judicial notice of this fact in its previous order, ECF No. 49 at 4.

After waiting an "unreasonably long" time before calling for medical assistance, defendant Tribble and other City officers directed the ambulance to take Jarreau, Jr. to John Muir Medical Center, which was "unreasonably far," especially because other emergency medical facilities were closer in proximity. *Id*. ¶ 16.

The City has and had a duty of care to hire, train, supervise and discipline peace officers to avoid such harm and to provide emergency medical care to individuals. *Id*. ¶¶ 18–19. This failure to train is "a factual and proximate cause of Mr. Jarreau's death and plaintiffs' damages." *Id*. ¶ 19.

## IV.     TIMELINE OF BANKRUPTCY PROCEEDINGS

The City filed for bankruptcy on May 23, 2008.  Ex. 1, RJN.  Shortly thereafter, in July 2008, plaintiff's former attorney John Burris, who also was counsel in the separate case of *Deocampo v. City of Vallejo*, *supra,* executed a stipulation to stay the action due to the bankruptcy filing.  Ex. 6, RJN.  Under the terms of the Bankruptcy Order, the bar date for filing any existing claims against the City was August 16, 2010.  Ex. 2, RJN.  The shooting giving rise to the instant claims took place on December 11, 2010, and plaintiff, through attorney Burris, submitted a claim under the Government Tort Claims Act on May 17, 2011.  Ex. A, Faruqui Decl.  The bankruptcy court confirmed the City's plan for adjustment of debts on August 4, 2011, Ex. 4, Defs.' RJN, and provided that upon the plan's Effective Date of November 1, 2011, the City would be discharged from all of its debts other than those excepted by the plan or statute.  Exs. 3, 5, Defs.' RJN.  Although the shooting took place after the Bankruptcy Order's bar date of August 16, 2010, the plan's November 1, 2011 Effective Date bars any claims seeking monetary relief for incidents occurring prior to the Effective Date not filed within 30 days.  Ex. 5 at 2, Defs.' RJN.  Plaintiff filed the instant action in this court on December 10, 2012.

## V.     LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6).  *Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).  It is properly granted where "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be

1   resolved and that it is entitled to judgment as a matter of law." *George v. Pacific-C.S.C. Work*

2   *Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996).  In considering both motions to dismiss and for

3   judgment on the pleadings, the court's inquiry focuses on the interplay between the factual

4   allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King &*

5   *Spalding*, 467 U.S. 69, 73 (1984).  Courts "must presume all factual allegations of the complaint

6   to be true and draw all reasonable inferences in favor of the nonmoving party," *Usher v. City of*

7   *L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not, however, apply to "a legal conclusion

8   couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Bell Atl.*

9   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or to "allegations that contradict matters properly

10  subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

11          While generally, "matters outside the pleadings are presented to and not excluded

12  by the court, the motion must be treated as one for summary judgment under Rule 56," Fed. R.

13  Civ. P. 12(d), the court "may consider certain materials without converting the motion for

14  judgment on the pleadings into a motion for summary judgment.  Such materials include . . .

15  matters of judicial notice." *Tumlinson Group, Inc. v. Johannessen*, No. 2:09-cv-1089, 2010 WL

16  4366284, at *3 (E.D. Cal. Oct. 27, 2010) (citations omitted); *see also Lee v. City of L.A.*, 250 F.3d

17  668, 688–89 (9th Cir. 2001) (holding court may properly take judicial notice of "matters of public

18  record" without converting to summary judgment motion).

19  VI.     DISCUSSION

20          As this court found in its previous order, "[u]nless an exception applies, the City's

21  debt to Jarreau's estate and heirs was discharged upon confirmation [August 4, 2011]."  Order,

22  ECF No. 49 at 5.  The court denied the motion because, "on the instant record, the court is unable

23  to find as a matter of law that plaintiff had either notice or actual knowledge of the City's

24  bankruptcy proceedings." *Id.* at 6.  In order to overcome the inferences drawn in favor of the

25  nonmoving party at this stage, "defendants must show beyond 'reasonable dispute,' on the basis

26  of "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), that Burris's

27  professional involvement in the bankruptcy began in July 2008, such that he had notice of the

28  bankruptcy when he filed plaintiff's claim with the City in 2011, *In re Perle*, 725 F.3d 1023, 1025

5

1 | (9th Cir. 2013) (noting, for notice or knowledge of bankruptcy to be imputed to other client, an

2 | individual lawyer must represent a party in bankruptcy proceedings while simultaneously

3 | representing client in other case).  Because the burden is on the debtor to show notice to the

4 | creditor, *In re Maya Const. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996), it is defendant's burden to

5 | show that, as a matter of law, plaintiff had actual or imputed notice of the City's bankruptcy.  As

6 | noted above, given the posture of this case, the court draws all inferences in favor of the

7 | nonmoving party.

8 | Defendants argue, as they did in their previous motion, that plaintiff's former

9 | counsel had personal notice of the City's bankruptcy at the time he submitted plaintiff's

10 | government tort claim, and that knowledge is imputed to plaintiff.  Therefore plaintiff is assumed

11 | to have had notice of the bankruptcy case, as well as the impending discharge of her claims, at

12 | least as of 2011 when Burris was assisting with her Government Tort Claims Act claim.

13 | Defendants cite *In re Price*, 871 F.2d at 99.  In *Price*, knowledge was imputed to the plaintiff

14 | because plaintiff's counsel was given actual notice of the bankruptcy proceedings in time to file a

15 | complaint, or at least to file a timely motion for an extension of time.  At the time of his

16 | representation of the plaintiff in that case, the lawyer was pursuing the same claim plaintiff

17 | sought to have declared nondischargeable in state court.  The Ninth Circuit held that "under these

18 | circumstances notice to counsel constituted notice to [the plaintiff]." *Id.* at 99.  This case,

19 | however, concerns actual notice made during the representation of a different client in a different

20 | matter, three years prior to his representation of this plaintiff.  The Ninth Circuit has expressly

21 | rejected the notion that notice of bankruptcy in the representation of one client is imputed to

22 | plaintiffs in a different matter. *In re Perle*, 725 F.3d at 1028 ("Because [counsel] . . . learned of

23 | the bankruptcy filing only in the course of representing a different client, we are unwilling to

24 | impute the notice or actual knowledge of [defendant's] bankruptcy filing that he had to [client]").

25 | The Ninth Circuit precedent takes account of the practical burden it would place on counsel to

26 | have his knowledge imputed to another client in an unrelated matter and in a different context:

27 | "[A]n attorney given notice of the bankruptcy on behalf of a particular client is not called upon to

28 | review all of his or her files to ascertain whether any other clients may also have a claim against

6

1  the debtor." *Id.*  Here, Burris no longer represents plaintiff and has not represented her in this

2  civil action; he only assisted her in filing a damages form with the City of Vallejo to exhaust the

3  California Tort Claims Act's jurisdictional requirement. Ex. A, ECF No. 40-1.  Burris, in a sworn

4  declaration, states he never told plaintiff about the bankruptcy, which is consistent with plaintiff's

5  assertion she was unaware of the bankruptcy until April 2013.  Burris Decl. at 1, ECF No. 65-2.

6  Although counsel in *Perle* was notified of the bankruptcy after representing the client to whom

7  the Ninth Circuit declined to impute knowledge, the defendants do not address, let alone attempt

8  to distinguish *Perle* from the present case; they do not meet their burden to show that, as a matter

9  of law, plaintiff's claim is dischargeable.

10  VII.    <u>CONCLUSION</u>

11          For the foregoing reasons, defendants' motion is DENIED.  This order resolves

12  ECF No. 56.

13          IT IS SO ORDERED.

14  DATED:  May 15, 2015.

15

16                                                    _____

                                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28